IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| TANYA WOODS, | ) |
| Plaintiff, | ) |
| | ) No. 1:10-1194 |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC. and | ) |
| PALISADES COLLECTION, LLC, | ) JURY DEMAND ENDORSED HEREON |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TANYA WOODS, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendants, NCO FINANCIAL SYSTEMS, INC. and PALISADES COLLECTION, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the West Virginia Consumer Credit and Protection Act (hereinafter the "WVCCPA"), W. Va. Code § 46-A-2-122, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Union, West Virginia.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and W. Va. Code § 46-A-2-122(a), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and W. Va. Code § 46-A-2-122(d), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Defendant PALISADES COLLECTION, LLC (hereinafter "Palisades").

6. On information and belief, Defendant NCO FINANCIAL SYSTEMS, INC. (hereinafter "NCO") is a corporation of the State of Pennsylvania, which is licensed to do business in West Virginia and which has its principal place of business in Horsham, Pennsylvania.

7. On information and belief, Defendant Palisades is a limited liability company of the State of Delaware, which is licensed to do business in West Virginia and which has its principal place of business in Englewood Cliffs, New Jersey.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. During the calendar year of 2010, representatives and/or employees of NCO, at all times acting in their capacity as the authorized agents of Palisades, began contacting Plaintiff by telephone, often numerous times per day, regarding collection of the aforementioned alleged debt.

9. NCO failed to provide to Plaintiff the notice required by 15 U.S.C. § 1692g(a).

10. Also during the calendar year of 2010, representatives of NCO began contacting Plaintiff's friends and family members, including but not limited to Plaintiff's parents (who do not reside with her) and Plaintiff's neighbors in attempts to collect the alleged debt, despite already having made contact with Plaintiff.

11. During at least one of the telephone calls which were placed to these third parties, representatives of NCO disclosed NCO's company name and also disclosed that Plaintiff owed an alleged debt.

12. Further, NCO's representatives continued to contact Plaintiff's parents and neighbors by telephone repeatedly, despite numerous requests that NCO cease calling those individuals.

13. All of the actions of NCO as described above were undertaken as the authorized agents of Palisades.

14. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

  a. Identifying the name of NCO's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

  b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owed an alleged debt, in violation of 15 U.S.C. § 1692b(2);

  c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

    d.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    e.    Causing a telephone to ring or engaging Plaintiff and others in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    f.    Failing to provide the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

    g.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TANYA WOODS, respectfully praysf or a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

### COUNT II

(Violation of the West Virginia Consumer Credit and Protection Act)

16.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendants violated the WVCCPA in one or more of the following ways:

   a. Identifying the name of NCO's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of W. Va. Code § 46A-2-126;

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owed an alleged debt, in violation of W. Va. Code § 46A-2-126;

   c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of W. Va. Code § 46A-2-126;

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of W. Va. Code § 46A-2-126;

   e. Causing a telephone to ring or engaging Plaintiff and others in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of W. Va. Code § 46A-2-125(d); and

   f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the WVCCPA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TANYA WOODS, respectfully praysf or a judgment against Defendants as follows:

a. Statutory damages of $1,000.00 from each Defendant for each violation of the WVCCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (10939)
Attorney for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com